**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CR-00061-SDJ-BD** |
| | § | |
| **CRISTHIAN ESTUARDO VAIDES FION** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Cristhian Estuardo Vaides Fion filed an opposed motion to compel discovery, Dkt. 16; *see* Dkts. 28 (response), 30 (reply). The government filed an opposed motion for a protective order. Dkt. 27; *see* Dkt. 33 (response). The motion to compel will be denied, and the motion for a protective order will be granted.

**THE PARTIES' MOTIONS**

## I. Motion to Compel

Vaides's motion to compel discovery asserts that, when defense counsel sought discovery from the government last month, he was dissatisfied with the government's offer to either allow him to view redacted versions of reports about Vaides in the government's office or send him redacted versions of the reports under a protective order. Dkt. 16 at 1. The motion makes factual assertions without supporting citations, and it levels accusations of misconduct by the government's counsel and error by the court in other unspecified cases. *Id.* at 1–3.

The motion also notes the requirements of Federal Rules of Criminal Procedure 5(f) and 16(a)(1), Texas Disciplinary Rule of Professional Conduct 3.09(d), *Brady v. Maryland*, 373 U.S. 83 (1963), and "the provisions of the Court's discovery order which has not been entered yet because," according to defense counsel, "the U.S. Marshal[]s fail[ed] to send Mr. Vaides to the correct division when they had not checked that the McKinney airport was undergoing an upgrade." *Id.* at 2–3. It requests a court order requiring the government's counsel to comply promptly with the authorities it cites.

In response, the government asks the court to deny the motion to compel discovery as moot. Dkt. 28 at 1. After stating that the government is aware of its obligations under the authorities cited in the motion and other authorities, the motion states that,

> [t]o date, the discovery in the possession of the U.S. Attorney's Office consists of reports from proffered interviews with seven cooperating witnesses. The only other document is a power point presentation that summarizes the investigation and the statements made by those same cooperators. Since the material is highly sensitive, the United States has redacted the names of the cooperators in each of the reports and made those reports available to defense counsel for review at the U.S. Attorney's Office. Alternatively, the United States has offered to provide defense counsel a digital copy of the reports under a protective order.

*Id.* The response contains a "screenshot" of what appears to be an electronic file folder containing "the discovery currently in the government's possession" in this case. *Id.* at 1–2. It also states that, "[a]s the government obtains additional evidence and discoverable material, it will make it available to defense counsel for review as prescribed by the Federal Rules of Criminal Procedure and the United States Code," adding that "[d]efense counsel refused to view the redacted reports at the United States Attorney's Office and refused to agree to a protective order." *Id.* at 2.

Vaides's reply notes the government's obligations under the court's pretrial order in this case and Rule 16. Dkt. 30 at 1. It confirms the government's offer to "come to [the U.S. Attorney's Office] to review redacted reports or agree to a protective order." *Id.* It asserts that "[t]here is no legal basis for a protective order and the Government is mandated by their own policy to disclose discovery pursuant to Title 9-5 of the Justice Manual," a document that the reply neither quotes nor attaches. The reply further asserts, without citing any authority, that "[i]f the Government Attorney believes he needs a protective order he is to submit the document that they believe needs to be protected to the Court for an in camera review but can't simply refuse to comply with the Court's order and Rule 16." *Id.*

The reply goes on to provide defense counsel's understanding of the basis for the government's case against Vaides, revealing the identities of people "likely" to be the government's cooperating witnesses. It then discusses Vaides's July 15, 2026, detention hearing, asserting that "[t]he

Government only has rumors of what unverified snitches are telling them to try to mitigate their own wrongdoing as evidence against Mr. Vaides," that "[w]hat the Government asserts is highly sensitive was freely discussed in the unsealed detention hearing including what is likely the Grand Jury presentation which was presented at the hearing," and that one of the cooperating witnesses "is the only cooperator who alleges Mr. Vaides did anything within the statute of limitations but because the DEA did not verify what the snitches were telling them, this allegation is likely false based upon a defense investigation and witnesses available." *Id.* at 1–2. It also refers to the criminal complaint that initiated Vaides's prosecution, faulting it for misspelling Colombia and asserting that Vaides committed no crime in that country. *Id.* at 2.

Like the motion to compel, the reply accuses the government's counsel of misconduct in both this case and other, unspecified cases. *Id.* at 2–3. It also states that Vaides's "[c]ounsel understands that the Court will generally agree with the Government as the safer path but should consider that the Government Attorney is refusing to follow the Court's Order and Fed. R. Crim. P[.] 16," adding that

> the testifying agent at the Detention Hearing stated he had reviewed at least some of these reports for his testimony at the detention hearing. Counsel requested to be provided copies of these reports pursuant to Fed. R. Evid. 612 and Fed. R. Crim. P. 26.2. Judge Bush failed to order they be disclosed but this was error on the part of the Court.

*Id.* at 3.

## II. Motion for a Protective Order

The government's motion for a protective order states that

> [t]his case centers around international drug trafficking organizations operating in South and Central America. The evidence against the defendant, Cristhian Vaides-Fion, consists of information provided by multiple cooperators via proffer interviews. The government deems the reports from these proffered interviews to be highly sensitive. Redacted versions of those reports are being made available for "in-office review" only, but the government is also prepared to provide defense counsel with a digital copy of these reports under the terms of the proposed protective order. This is being done as a precaution to further protect the identity of those cooperators, so as not to endanger the cooperators or their families. These reports have been labeled in a digital folder as 'SENSITIVE-ATTORNEY EYES ONLY.'

Dkt. 27 at 1–2. The motion attaches a proposed protective order, Dkt. 27-1, which it asks the court to enter "[i]n the interest of justice and for the safety and privacy of those involved," Dkt. 27 at 2.

The proposed protective order states, in part, that "[t]he Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases." Dkt. 27-1 at 1. It also states that

> [s]ome of the Government's disclosure material, referred to herein as "sensitive disclosure material," or "sensitive disclosure material-attorney/investigator eyes only," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material or sensitive disclosure material-attorney/investigator eyes only will be controlling absent contrary order of the Court. The defense may contest the Government's designation as sensitive disclosure material or sensitive disclosure material-attorney/investigator eyes only and seek such an order from the Court.

*Id.* at 2. It further explains that "[t]he entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, generally in unredacted form, which will facilitate the preparation of the defense." *Id.*

In his response to the motion for a protective order, Vaides notes that he filed a request for discovery on July 1, 2026, the day of his initial appearance in this court, Dkt. 15, but received no response from the government, Dkt. 33 at 1. It also notes that the court issued a scheduling order on July 9, 2026, that required the government to make the requested discovery available within five days. *Id.*; *see* Dkt. 24 at 1.

The response then asserts that the government's case is set out in exhibits presented at Vaides's detention hearing, Dkt. 33 at 1–2 (describing the exhibits), and that "the total body of proof against Mr. Vaides is the statements of cooperating witnesses with nothing else," *id.* at 2. It again names the person whom "[defense] counsel has identified" as one of the government's

cooperating witnesses, but it does not explain how defense counsel reached that conclusion. *Id.* at 2. And notwithstanding its assertion about "the total body of proof," *id.*, it asserts that the government has more evidence against Vaides than it is letting on—specifically, "the proffer statement of Mr. Vaides that was evidently taken at La Picota in about March of 2025 without present counsel," "at least one proffer with Hertha Fracelia Garcia Giron, who is a Mr. Vaides wife and a named defendant in 4:24cr43 and being represented by Gaylon Riddels under a joint defense agreement with Mr. Vaides," "the extradition package that was submitted for Mr. Vaides extradition," "MLAT from at least Colombia about the extradition," "the immigration paperwork that allows Mr. Vaides is in the United States legally," and "the statements that the testifying Agent reviewed in preparation for his testimony," *id.* at 2–3.

The response states that "counsel requested [the statements] pursuant to Fed. R. Evid. 612 and Fed. R. Crim. P. 26.2" but that the government

> refused to provide [the statements] and has only offered to allow counsel to review redacted statements in the office. The problem with this is the agent did not review redacted documents and counsel is entitled to production of these documents. The Government has also not disclosed anything regarding expert witnesses which has been requested.
>
> Counsel has stated repeatedly that a protective order interferes with the defense' ability to investigate the case by talking to the witnesses who might have been present at the various stories told to the agents. Counsel has identified 3 of the alleged [cooperating witnesses] and what the Government wants to do is produce redacted documents instead of the entire document they are required to produce.

*Id.* at 3.

The response then singles out the government's counsel, stating that, unlike other attorneys in his office, he "uses this method to often fail to disclose exculpatory and mitigating evidence," adding that "[o]ther Government attorneys will sometimes provide redacted documents but allow Counsel to review unredacted documents in the office." *Id.* It suggests, without citing supporting authority, that if the government wants a protective order, it should submit documents to the court for in camera review. *Id.* It again references "Justice Manual 9-5" (without providing a copy of that manual or quoting its text) and the court's scheduling order, stating that the government violated

both of those documents. *Id.* It claims that the assertion of the government's counsel "that all he has is statements from [six cooperating witnesses] is provably false" but neither cites nor attaches proof of that alleged fact. *Id.* at 4. *Cf.* Dkt. 28 at 1 (government's response to Vaides's motion to compel indicating that the government has "reports from proffered interviews with seven," rather than six, "cooperating witnesses"). It claims that "[a] broad protective order over heavily redacted statements of convicted prisoners interferes with the ability of the defense to investigate the allegations and prepare for trial." *Id.*

## DISCUSSION

### I. The Authorities Cited in the Parties' Motions

The parties have identified several authorities that impose obligations at various stages of a criminal case. Several of those authorities are relevant at this stage.

#### A. Federal Rule of Criminal Procedure 5(f)(1), *Brady*, and *Giglio*

Federal Rule of Criminal Procedure 5(f)(1) provides that, "[i]n all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law." As explained in *United States v. Martinez-Perez*,

> [t]he rule of *Brady* requires the [government] to disclose to the defendant all favorable evidence material either to guilt or punishment. Suppression of favorable, material evidence denies a defendant's constitutional right to due process. Evidence is material for these purposes if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

941 F.2d 295, 300–01 (5th Cir. 1991) (cleaned up); *see Floyd v. Vannoy*, 894 F.3d 143, 162 (5th Cir. 2018) (stating that "*Brady* requires the prosecution [to] disclose evidence when it is of such substantial value to the defense that elementary fairness requires it to be disclosed even without a specific request" (quotation marks omitted)); *see also Giglio v. United States*, 405 U.S. 150, 154 (1972) (requiring the disclosure of material evidence affecting the credibility of a witness).

### B. Federal Rule of Criminal Procedure 16

Federal Rule of Criminal Procedure 16 governs "Discovery and Inspection." Paragraph (a)(1) of that rule identifies the following "Information Subject to Disclosure" by the government in a case involving an individual defendant:

> **(A) Defendant's Oral Statement.** Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.
>
> **(B) Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> **(i)** any relevant written or recorded statement by the defendant if:
>
> - the statement is within the government's possession, custody, or control; and
> - the attorney for the government knows—or through due diligence could know—that the statement exists;
>
> **(ii)** the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
>
> **(iii)** the defendant's recorded testimony before a grand jury relating to the charged offense.
>
> * * *
>
> **(D) Defendant's Prior Record.** Upon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows—or through due diligence could know—that the record exists.
>
> **(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item in its case-in-chief at trial; or

**(iii)** the item was obtained from or belongs to the defendant.

**(F) Reports of Examinations and Tests.** Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

**(i)** the item is within the government's possession, custody, or control;

**(ii)** the attorney for the government knows—or through due diligence could know—that the item exists; and

**(iii)** the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

**(G) Expert Witnesses.**

**(i) Duty to Disclose.** At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.

**(ii) Time to Disclose.** The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.

**(iii) Contents of the Disclosure.** The disclosure for each expert witness must contain:

- a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

> **(iv) Information Previously Disclosed.** If the government previously provided a report under (F) that contained information required by (iii), that information may be referred to, rather than repeated, in the expert-witness disclosure.
>
> **(v) Signing the Disclosure.** The witness must approve and sign the disclosure, unless the government:
>
> - states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or
> - has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).
>
> **(vi) Supplementing and Correcting a Disclosure.** The government must supplement or correct its disclosures in accordance with (c).

Rule 16(a)(2) identifies information that is not subject to disclosure. It provides:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Rule 16(a)(3) provides that Rule 16 "does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2."

After explaining what the defendant is required to disclose, *id.* R. 16(b), Rule 16 imposes on both parties a "Continuing Duty to Disclose," stating that "[a] party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production," *id.* R. 16(c). It ends with the following provision governing regulation of discovery:

> **(1) Protective and Modifying Orders.** At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.
>
> **(2) Failure to Comply.** If a party fails to comply with this rule, the court may:

**(A)** order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

**(B)** grant a continuance;

**(C)** prohibit that party from introducing the undisclosed evidence; or

**(D)** enter any other order that is just under the circumstances.

*Id.* R. 16(d).

**C. Federal Rule of Criminal Procedure 26.2**

Titled "Producing a Witness's Statement," Federal Rule of Criminal Procedure 26.2 provides:

> **(a) Motion to Produce.** After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.
>
> **(b) Producing the Entire Statement.** If the entire statement relates to the subject matter of the witness's testimony, the court must order that the statement be delivered to the moving party.
>
> **(c) Producing a Redacted Statement.** If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.
>
> **(d) Recess to Examine a Statement.** The court may recess the proceedings to allow time for a party to examine the statement and prepare for its use.
>
> **(e) Sanction for Failure to Produce or Deliver a Statement.** If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record. If an attorney for the government disobeys the order, the court must declare a mistrial if justice so requires.
>
> **(f) "Statement" Defined.** As used in this rule, a witness's "statement" means:
>
> **(1)** a written statement that the witness makes and signs, or otherwise adopts or approves;
>
> **(2)** a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

> **(3)** the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.
>
> **(g) Scope.** This rule applies at trial, at a suppression hearing under Rule 12, and to the extent specified in the following rules:
>
> **(1)** Rule 5.1(h) (preliminary hearing);
>
> **(2)** Rule 32(i)(2) (sentencing);
>
> **(3)** Rule 32.1(e) (hearing to revoke or modify probation or supervised release);
>
> **(4)** Rule 46(j) (detention hearing); and
>
> **(5)** Rule 8 of the Rules Governing Proceedings under 28 U.S.C. § 2255.

*See* Fed. R. Crim. P. 46(j) (providing that "Rule 26.2(a)-(d) and (f) applies at a detention hearing under 18 U.S.C. § 3142, unless the court for good cause rules otherwise," and that, "[i]f a party disobeys a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony at the detention hearing").

**D. The *Jencks* Act**

Referred to as "the *Jencks* Act" (after *Jencks v. United States*, 353 U.S. 657 (1957), *see Palermo v. United States*, 360 U.S. 343, 345 (1959)), 18 U.S.C. § 3500 provides:

> **(a)** In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> **(b)** After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
>
> **(c)** If the United States claims that any statement ordered to be produced under this section contains matter which does not relate to the subject matter of the testimony of the witness, the court shall order the United States to deliver such statement for the inspection of the court in camera. Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness. With such material excised, the court shall then direct delivery of such statement to the defendant for his use. If, pursuant to such

procedure, any portion of such statement is withheld from the defendant and the defendant objects to such withholding, and the trial is continued to an adjudication of the guilt of the defendant, the entire text of such statement shall be preserved by the United States and, in the event the defendant appeals, shall be made available to the appellate court for the purpose of determining the correctness of the ruling of the trial judge. Whenever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and his preparation for its use in the trial.

**(d)** If the United States elects not to comply with an order of the court under subsection (b) or (c) hereof to deliver to the defendant any such statement, or such portion thereof as the court may direct, the court shall strike from the record the testimony of the witness, and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared.

**(e)** The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

> **(1)** a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> **(2)** a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> **(3)** a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

*See United States v. Ortiz*, No. CRIM.A. 11-251-08, 2013 WL 247226, at *4 (E.D. Pa. Jan. 23, 2013) (noting that Federal Rules of Criminal Procedure 26.2 and 46(j) make the *Jencks* Act applicable to detention hearings); *accord United States v. Owens*, 933 F. Supp. 76, 80 n.4 (D. Mass. 1996) (discussing the requirements of the *Jencks* Act and Rule 26.2); *see also United States v. Simpson*, 360 F. App'x 537, 538 (5th Cir. 2010) (finding that a defendant was not entitled to a new detention hearing because he failed to show that "any error in denying production of government documents pursuant to the *Jencks* Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 prejudiced his substantial rights").

### E. Federal Rule of Evidence 612

Titled "Writing Used to Refresh a Witness's Memory," Federal Rule of Evidence 612 provides:

> **(a) Scope.** This rule gives an adverse party certain options when a witness uses a writing to refresh memory:
>
> > **(1)** while testifying; or
> >
> > **(2)** before testifying, if the court decides that justice requires the party to have those options.
>
> **(b) Adverse Party's Options; Deleting Unrelated Matter.** Unless 18 U.S.C. § 3500 provides otherwise in a criminal case, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party. Any portion deleted over objection must be preserved for the record.
>
> **(c) Failure to Produce or Deliver the Writing.** If a writing is not produced or is not delivered as ordered, the court may issue any appropriate order. But if the prosecution does not comply in a criminal case, the court must strike the witness's testimony or—if justice so requires—declare a mistrial.

*See* 18 U.S.C. § 3142(f) (final paragraph stating that "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at [a detention] hearing"); Fed. R. Evid. 1101(d)(3) (providing that the Federal Rules of Evidence, "except for those on privilege[,] do not apply to . . . miscellaneous proceedings such as . . . considering whether to release on bail or otherwise").

### F. Texas Disciplinary Rule of Professional Conduct 3.09(d)

Texas Disciplinary Rule of Professional Conduct 3.09 identifies the "Special Responsibilities of a Prosecutor." Under subsection (d) of that rule,

> [t]he prosecutor in a criminal case shall: . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal.

### G. The court's standard discovery and pre-trial orders

Issued as a matter of course in criminal cases, the court's standard discovery order reiterates the requirements of some of the rules cited in this order and imposes additional requirements. *See* Dkt. 24; *see also* Dkt. 23 (standard pre-trial order setting deadlines). It also outlines the procedures a defendant must follow when moving for additional discovery or inspection, Dkt. 24 at 2–3, providing the following warning: "The Court cautions counsel that filing unnecessary motions may result in imposition of sanctions. Counsel are to present by motion only genuine issues actually in dispute that counsel are unable to resolve in conference." *Id.* at 3.

## II. Analysis of the Parties' Motions

As noted, Vaides asserts that the authorities cited in this order entitle him to various materials that he claims the government has. The government confirms possession of some, but not all, of those materials. It tells the court, however, that it has offered to let defense counsel see the materials it has—either in redacted form at its office or, as the court understands it, in unredacted form under its proposed protective order. Some of the materials appear to fall within Rule 16(a)(2)'s exclusion of what the government is required to disclose, yet the government appears willing to disclose them anyhow. The government has also represented to the court that, consistent with the authorities cited in this order, it will provide additional evidence and discoverable material to Vaides if and when it becomes available.

Although a court cannot order production of documents a party does not have, *see, e.g.*, *Holland v. Freeman United Coal Mining Co.*, No. CV 07-1050 (PLF)(AK), 2007 WL 9760444, at *5 (D.D.C. Dec. 28, 2007), it should, if necessary, order production of documents that do exist and that the requesting party has the right to see. To the extent the documents the government has identified, and perhaps others, fall into that latter category as shaped by the authorities cited in this order, they must be disclosed to Vaides through his counsel.

If the government were refusing to allow defense counsel any access to those documents, Vaides would have a valid basis for a motion to compel. As it now stands, however, Vaides offers only speculation. His counsel has accepted neither the government's offer to allow him to view

redacted versions of the documents at the government's office nor its offer to send him the documents under a protective order. The redaction that defense counsel believes could be extensive may in fact be minimal—or nonexistent, if the documents are provided under a protective order. *See* Dkt. 28 at 1 (stating that the government redacted "the names of the cooperators" from the reports that it has offered to allow defense counsel to review at its office in redacted form or receive under a protective order).

A "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *United States v. Blankenship*, No. 22-40619, 2024 WL 640148, at *4 (5th Cir. Feb. 15, 2024) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)). Protecting the safety of witnesses and their families constitutes good cause for restricting discovery. *See United States v. Ruiz*, 649 F. Supp. 3d 321, 328–29 (E.D. Tex. 2022). The government's assertions reflect good cause for redaction, notwithstanding Vaides's further speculation about the identity of the cooperating witnesses referenced in some of the documents the government says it has. *See United States v. Betancur-Correa*, No. 4:22-CR-00268-SDJ-BD, 2024 WL 5375817, at *1 (E.D. Tex. Oct. 29, 2024).

If Vaides believes, after his counsel has reviewed the materials that the government makes available for inspection at its office or sends him, that the government has not complied with its obligations under any relevant authority or court order, he may file a motion seeking further relief from the court. If any such motion is necessary, it should not be based on speculation. It should present legal authorities and factual assertions supported by specific citations and evidence sufficient to apprise the court of the basis for any further request for relief. And in accordance with the court's discovery order, it should—at the risk of sanctions—present only genuine issues actually in dispute that counsel are unable to resolve during one or more conferences conducted in good faith. Dkt. 24 at 3.

### III. Defense Counsel's Improper Assertions

The court must address one final matter arising from statements that appear in Vaides's filings. It regrets that doing so is necessary, as it has been in connection with statements made in other cases in which the same attorney, Don Bailey, represents one or more criminal defendants.

Vaides's motion to compel, signed by defense counsel, levels accusations that the government's counsel

- has a "long history of dilatory performance and not providing discovery required," Dkt. 16 at 1;
- has engaged in "years of deceit," *id.* at 2;
- has a "desire . . . to drag this case out as long as possible while hiding the discovery," *id.*;
- made a statement in connection with this case that is "not true," *id.*;
- "often uses the excuse he did not know he had not provided certain documents because he did [not] know it existed or was not provided," *id.* at 3; and
- is trying to "play [a] game of redacted documents," *id.*

Similarly, Vaides's reply in support of his motion to compel accuses the government's attorney of

- "a pattern of being untruthful and trying to hide discovery," Dkt. 30 at 2;
- "fail[ing] to inform the Court" of relevant information, *id.*; and
- having a "dilatory nature," *id.*

*See also id.* (accusing the government of "wrongdoing"). No factual support is cited for most of those accusations.

Vaides's filings also take aim at the court. The motion to compel asserts, without any supporting citations, that "the Court has been erroneously applying protective orders for some time without a valid basis." Dkt. 16 at 2. The reply in support of that motion further asserts that defense "Counsel understands that the Court will generally agree with the Government as the safer path." Dkt. 30 at 3.

As noted, the reply also discloses the "likely" identities of cooperative witnesses. Dkt. 30 at 1; *accord* Dkt. 33 at 2. Defense counsel made those disclosures with knowledge that the government believed the identities of the witnesses should be protected, *see* Dkt. 30 at 1—and before the court ruled on the government's motion for a protective order.

Those assertions by defense counsel do not advance his client's interests. And especially when viewed alongside similar statements defense counsel has made in other cases before the court, they are improper and sanctionable. *See, e.g.*, Minute Entry for July 23, 2026, *United States v. Lopez*, No. 4:21-cr-00110-SDJ-BD-1 (E.D. Tex.), hearing recording at 10:59:58–11:03:08 (advising defense counsel that the court viewed his criticisms of two members of the United States Attorney's Office for the Eastern District of Texas and two sitting judges of this court as antagonistic and inappropriate); Dkt. 391, *United States v. Rivera-Rodriguez*, No. 4:22-cr-00268-SDJ-BD (E.D. Tex.) (sealed) (identifying and discussing some of the highly improper statements that defense counsel included in filings in that case and warning him, several days before he filed the document discussed at the July 23, 2026, hearing in *Lopez* and some of the filings cited and quoted in this order, that any further unprofessional conduct would result in a show-cause order); *United States v. Martinez*, No. 4:12-CR-161, 2014 WL 1267125, at *1 (E.D. Tex. Mar. 27, 2014) (describing as "offensive and lacking in merit" defense counsel's statement that a former magistrate judge (and the current chief district judge) of this court "created false barriers in order to maintain a guilty plea of a person who has asserted he was coerced into pleading guilty and otherwise maintained his innocence," adding that "personal attacks on the Court are never appropriate and [we]re uncalled for in this case"), *aff'd*, 616 F. App'x 131 (5th Cir. 2015).

The court will take no action today based on defense counsel's inappropriate statements. This order does, however, provide defense counsel further notice of his sanctionable conduct in this case and others.

## CONCLUSION

It is **ORDERED** that:

1) the motion to compel discovery, Dkt. 16, is **DENIED**; and

2) the motion for a protective order, Dkt. 27, is **GRANTED**.

The court will separately issue the government's proposed protective order.

So **ORDERED** and **SIGNED** this 10th day of August, 2026.

Bill Davis
United States Magistrate Judge