**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CR-00061-SDJ-BD** |
| | § | |
| **CRISTHIAN ESTUARDO VAIDES FION** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Cristhian Estuardo Vaides Fion filed an opposed motion under Federal Rule of Criminal Procedure 7(d) to strike surplusage from the indictment. Dkt. 34; *see* Dkt. 38 (response). The motion will be denied.

## THE PARTIES' CONTENTIONS

Vaides's motion explains that the indictment contains "two prejudicial terms to refer to Mr. Vaides, 'ojo loco' which means crazy eye in Spanish and 'tuerco' which means one eye. Both of these terms Mr. Vaides does not accept or answer too as an alias and are terms he has not accepted since he was a child." Dkt. 34 at 1; *see* Dkt. 1 (indictment). The motion goes on to explain that Vaides has an ocular disability arising from a childhood injury and states that he "has never accepted others making fun of his disability. However, the Government continues the school yard taunt by putting it in their indictment as a way of dehumanizing Mr. Vaides before the Court and soon the jury." Dkt. 34 at 1. It concludes by stating that

> [t]his should be an easy question for the Court. The Government cannot come in and create alias for persons, that they do not answer too or accept, based upon a physical deformity or handicap. Mr. Vaides is well aware he is blind in his left eye. He does not need the Government and it's Agents making fun of his disability to dehumanize him. This is prejudicial without legitimate justification and should be struck.

*Id.* at 1–2.

In response, the government asserts that "inclusion of [the] aliases in the Indictment is relevant and permitted" because "'Ojo Loco' and 'Tuerco' are the names by which government co-

conspirator witnesses know Cristhian Estuardo Vaides Fion and will identify him by these names at trial." Dkt. 38 at 1. After noting the charges he faces, *id.*, the response states that Vaides "may not call himself 'Ojo Loco' or 'Tuerco,' and he may not like these nicknames/aliases, but that is how multiple co-conspirator witnesses identify him." *Id.* at 2. The response explains the meaning of the aliases that appear in the indictment, reiterates the government's position, and asks the court to deny the motion. *Id.* at 3. Vaides did not file a reply.

In addition to quoting Rule 7(d), Vaides's motion cites two cases, both from the Third Circuit: *United States v. Hedgepeth*, 434 F.3d 609 (2006), and *United States v. Pharis*, 298 F.3d 228 (2002). The government's response cites five Fifth Circuit cases (*United States v. Graves*, 5 F.3d 1546 (1993), *United States v. Reeves*, 892 F.2d 1223 (1990), *United States v. Alfonso*, 552 F.2d 605 (1977), *United States v. Dean*, 59 F.3d 1479 (1995), and *United States v. Taylor*, 554 F.2d 200 (1977)) and one Fourth Circuit case (*United States v. Clark*, 541 F.2d 1016 (1976)).

## DISCUSSION

Rule 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." The rule may be invoked to cure harmful duplicity, *United States v. Hicks*, 529 F.2d 841, 843–44 (5th Cir. 1976); *see United States v. Sharpe*, 193 F.3d 852, 865 (5th Cir. 1999) (explaining that "[a]n indictment is duplicitous if it joins in a single count two or more distinct offenses") (quotation marks omitted), to eliminate redundancy, *United States v. Hughes*, 766 F.2d 875, 879 (5th Cir. 1985), and to excise matters that "do not enter into the offense" charged in the indictment, *United States v. Hood*, 200 F.2d 639, 642 (5th Cir. 1953); *see United States v. Petrillo*, 332 U.S. 1, 11 (1947). It gives the defendant a "remedy in the face of a needlessly wordy indictment." *United States v. McDermot*, 58 F.3d 636, 1995 WL 371036, at *5 (5th Cir. 1995).

As the Fifth Circuit noted in *McDermot*, a leading treatise explains that

> [t]he presence of surplusage is not fatal to the validity of the indictment, and indeed, as has been seen, the court need not submit to the jury surplus elements of an indictment not essential to the allegation of an offense. Rule 7(d) provides an additional remedy, and permits the court on motion of a defendant to strike the surplusage. The purpose of this provision is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts. Prosecutors have been

> known to insert unnecessary allegations for "color" or "background" hoping that these will stimulate the interest of juries. The proper course is to move to strike the surplusage rather than to move to dismiss the indictment.

*Id.* (quoting 1 Charles A. Wright, Federal Practice and Procedure § 127, at 424–26 (2d ed. 1982), with footnotes omitted).

Although Rule 7(d) has been used, in other jurisdictions, to try to rid indictments of aliases, the defendants in those cases faced an uphill battle. In *United States v. Williams*, for example, the Sixth Circuit rejected a challenge to a district court's order denying such a motion, noting that "use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged" (quotation marks omitted); that, "as long as the alias assists in identifying the defendant, it is relevant and admissible"; and that "some witnesses knew defendant only by his alias." 158 F. App'x 651, 655 (2005).

The Fifth Circuit has explained why prevailing on this type of motion is difficult: "To strike surplusage" under Rule 7(d), "the language in the indictment must be 'irrelevant, inflammatory, and prejudicial.'" *United States v. Bernegger*, 661 F.3d 232, 240 n.2 (2011) (quoting *Graves*, 5 F.3d at 1550). The "standard is strict," so "a court rarely grants such a motion." *United States v. Solomon*, 273 F.3d 1108, 2001 WL 1131955, at *1 (5th Cir. 2001). In *Bernegger*, the court concluded that the district court did not abuse its discretion in refusing to strike language under Rule 7(d) because doing so would have "deprive[d] the jury of the context of the fraud" alleged in that case. 661 F.3d at 240 n.2; *see also United States v. Singhal*, 876 F. Supp. 2d 82, 102 (D.D.C. 2012) (stating that "[m]otions to strike surplusage from an indictment are highly disfavored").

"Where information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be," and "[t]he mere fact that information in an indictment does not constitute an element of the charged offense does not require that it be stricken." *Solomon*, 2001 WL 1131955, at *1. "[A]liases and nicknames should not be stricken from an Indictment when evidence regarding those aliases or nicknames will be presented to the jury at trial." *United States v. Elson*, 968 F. Supp. 900, 909 (S.D.N.Y. 1997).

In *Hedgepeth*, the first of the cases Vaides cites, the Third Circuit confirmed that a district court's denial of a motion to strike surplusage from an indictment is reviewed for abuse of discretion, 434 F.3d at 611; that such motions "are rarely granted," *id.*; and that, to be entitled to relief, the defendant must show that the challenged information is "both irrelevant (or immaterial) *and* prejudicial," *id.* at 112 (emphasis added) (citing, *inter alia*, *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)). The *Hedgepeth* defendant's argument "fail[ed] before it le[ft] the gate, as information never revealed to the jury"—sentencing factors, in that case, *id.* at 611—"could not have prejudiced its deliberations." *Id.* at 613. And in *Pharis*, the only other case Vaides cites, the majority opinion did not discuss Rule 7(d). *See* 298 F.3d at 230–45 (explaining why the court lacked jurisdiction to hear the government's appeal). It was mentioned only by the dissenting judge, who noted the rule's narrow scope. *Id.* at 248 (opinion of Cowen, J.).

The decisions the government cites, most of which are binding on this court, confirm the points already noted about Rule 7(d) and reflect the difficulty of obtaining relief under that rule, especially when it comes to aliases. *See Dean*, 59 F.3d at 1492; *Graves*, 5 F.3d at 1550 (citing *Reeves*, 892 F.2d at 1228); *Taylor*, 554 F.2d at 203; *Alfonso*, 552 F.2d at 618; *Clark*, 541 F.2d at 1018. As the Fourth Circuit explained in *Clark*,

> [i]f the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted. However, if the prosecution either fails to offer proof relating to the alias or the alias, though proven, holds no relationship to the acts charged, a motion to strike may be renewed, the alias stricken and an appropriate instruction given the jury.

541 F.2d at 1018 (citations omitted).

In this circuit, "[u]se of an alias in an indictment is not error." *United States v. Miranda*, 494 F.2d 783, 788 (5th Cir. 1974). And in this court, indictments often include aliases. Yet Vaides has not cited, and the court has been unable to locate, any case in this jurisdiction or any other in which a defendant filed a Rule 7(d) motion, much less a successful Rule 7(d) motion, based on an alias

that was allegedly disparaging, hurtful, or dehumanizing or was allegedly included in an indictment to taunt, mock, or ridicule a defendant based on a disability or otherwise.

Here, the government has stated that the aliases that appear in the indictment, however much Vaides may dislike them, were included not to mock him or for any other improper purpose but rather to ensure that Vaides could be identified by witnesses who know him only by those names. As this order reflects, ample authority supports the government's position. If the government's explanation for inclusion of the aliases proves untrue by the time the case is presented to a jury, Vaides may renew his motion to strike and request an appropriate jury instruction. He is not, however, entitled to relief under Rule 7(d) at this stage. *See, e.g.*, *United States v. Staples*, No. 1:CR-05-390, 2006 WL 1310889, at *1 (M.D. Pa. May 11, 2006); *United States v. Mauge-Anthony*, No. 301CR227 (PCD), 2001 WL 34155631, at *3 (D. Conn. Dec. 19, 2001).

**CONCLUSION**

It is **ORDERED** that the motion to strike surplusage from the indictment, Dkt. 34, is **DENIED**.

So **ORDERED** and **SIGNED** this 24th day of August, 2026.

Bill Davis
United States Magistrate Judge